IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GURLAL SINGH, | § | |
| Petitioner, | § § § | |
| v. | § § | CAUSE NO. EP-26-CV-660-KC |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § § § | |
| Respondent. | § § | |

## SHOW CAUSE ORDER

On this day, the Court considered Gurlal Singh's Petition for a Writ of Habeas Corpus, ECF No. 1. Singh is detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas. *Id.* ¶ 2. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 13, 15.

Singh entered the United States in 2024 and he has been detained in immigration custody since then. Letter, ECF No. 1. An immigration judge ("IJ") ordered that Singh be removed from the United States on July 18, 2025. *Id.* Despite this order, Singh alleges that Immigration and Customs Enforcement ("ICE") has not completed his removal. *Id.* Singh alleges that ICE has attempted to remove him three times, and he has cooperated fully but still has not been removed. *Id.* On February 22, 2026, ICE once again informed Singh that he would be removed. *Id.* Singh was taken to the airport but then returned to the detention center for no apparent reason. *Id.* Singh was never released, thus, he has remained in detention for about sixteen months, seven of which have been in the post removal order context. *Id.* Because ICE has repeatedly failed to remove Singh, and his detention exceeds six months, Singh asks that the Court order his release. Pet. ¶ 13, 15.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto."  The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.  28 U.S.C. § 2243.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days.  8 U.S.C. § 1231(a)(1)(A).  That removal period ordinarily begins when the noncitizen is subject to a final order of removal.  *See id.* § 1231(a)(1)(B).  During this removal period, "the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).  The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order."  *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained.  Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  This period is presumptively six months.  *Id.* at 701.  After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the

2

reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Singh alleges that he has been detained by ICE in the post removal order context since July 2025, and that despite numerous attempts and his cooperation, ICE has not removed him. Pet ¶¶ 13; Letter. If these allegations are true, Singh likely meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Thus, Respondents must rebut this showing by either demonstrating that Singh's removal is likely in the reasonably foreseeable future or deporting him.

Separately, the Petition was filed without payment of the $5.00 filing fee or a motion to proceed without paying filing fee. Failure to properly pay the filing fee is not a jurisdictional defect and does not prevent the Court from exercising its discretion to order supplemental filings, *see Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978).

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March 16, 2026**</u>, why the application for a writ of habeas corpus should not be granted and specify:

(1) What concrete steps have been taken to effectuate Singh's removal,

(2) What obstacles exist to effectuating Singh's removal, such as issuance of travel documents,

(3) What concrete steps have been taken to address the existing obstacles, and

(4) The anticipated timeline for Singh's removal from the United States.

**IT IS FURTHER ORDERED** that Singh must either pay the required $5.00 filing fee or file a motion to proceed without paying <u>**by no later than March 23, 2026**</u>. The Court

**CAUTIONS** Singh that failure to timely pay the filing fee or a motion to proceed without paying it may result in dismissal of the case.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 9th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE